## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF NEW YORK

DASHON HINES,

                    Plaintiff,

    v.

                                    5:20-CV-638

LT. ROSE J. DELL, Lt. New Haven          (TJM/ATB)
Police Dep't,

                    Defendant.

DASHON HINES, Plaintiff pro se

ANDREW T. BAXTER
United States Magistrate Judge

### ORDER and REPORT-RECOMMENDATION

The Clerk has sent to me for initial review, another pro se complaint, submitted by plaintiff Dashon Hines. (Complaint ("Compl.")) (Dkt. No. 1).  Plaintiff has also filed an application to proceed in forma pauperis ("IFP"). (Dkt. No. 2).

## I.    __IFP Application__

Plaintiff declares in his IFP application that he is unable to pay the filing fee. (Dkt. No. 2).  However, the form also indicates that he has no money from any sources, whatsoever, something which this court knows from other cases filed by this plaintiff is untrue.  In any event, the court will allow the filing of this action for the sole purpose of recommending dismissal.

## II.    __Complaint__

Plaintiff has filed this action on a form utilized for claims under 42 U.S.C. § 1983, which provides for a cause of action alleging that plaintiff's federal constitutional rights have been violated by a person acting under color of state law.

(Complaint ("Compl.")) (Dkt. No. 1).  Plaintiff has sued a Lieutenant in the New

Haven, Connecticut Police Department.  Plaintiff's only facts are as follows:

> On June 4, 2020, Lt. Rose J. Dell stated: "Mr. Hines, please
> do not contact Patricia King of Corporate Counsel regarding
> the incident you wanted investigated by the Police
> Department.  You need to speak with the investigating
> Officer.  Please call either the non-emergency number at at
> [sic] 203-946-6316 or 203-946-6255 to speak with the Front
> Desk Sergeant.

(Compl. ¶ 4) (Facts).  The plaintiff's "First Cause of Action" merely repeats the above

paragraph word for word. (Compl. ¶ 5).  Plaintiff requests one million dollars in

damages. (Compl. ¶ 6).

As exhibits to the complaint, plaintiff has attached two copies of the actual email

sent by Lt. Dell, who apparently is the officer in charge of the Records Unit of the New

Haven, Connecticut Police Department. (Compl. at CM/ECF p.5-6).[1]  Lieutenant Dell's

email is dated June 4, 2020 at 1:06 p.m. (*Id.*)  Plaintiff apparently responded to

defendant Dell's email at 7:39 p.m., stating that in his

> capacity as a pro se petitioner before the United States District
> Court for the Northern District of New York, I demand that
> you notify your supervisor of my wish to file a complaint
> against you regarding your previous response. . . . In the event
> that I do not hear from your supervisor, I will assume you did
> nothing concerning requests to speak with your supervisor
> and submit formal complaints against you for misconduct.

(*Id.*)  This action was filed on June 8, 2020.

---

[1] Plaintiff has not numbered the pages of his "exhibits," thus this court will cite to the pages
assigned by the court's electronic filing system, CM/ECF.

III. **Venue**

    A. **Legal Standards**

    Under 28 U.S.C. § 1391(b), a civil action may be brought in "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b).

    When a case is filed in a district in which venue is improper, the court "***shall dismiss***" the case or, "if it be in the interest of justice, transfer such case to any district . . . in which it could have been brought." 28 U.S.C. § 1406(a) (emphasis added). Even if venue is proper, a district court may sua sponte transfer an action in the interest of justice and for the convenience of the parties and witnesses to any other district where it might have been brought. 28 U.S.C. § 1404(a); *Ferens v. John Deere Co.*, 494 U.S. 516, 530 (1990); *Lead Indus. Ass'n, Inc. v. Occupational Safety & Health Admin.*, 610 F.2d 70, 79 n.17 (2d Cir. 1979) (citing cases); Kelly v. Kelly, 911 F. Supp. 70, 71 (N.D.N.Y. 1996). "The purpose of section 1404(a) is to prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Flaherty v. All Hampton Limousine, Inc.*, No. 01-CV-9939, 2002 WL 1891212, at *1 (S.D.N.Y. Aug. 16, 2002) (internal quotations

marks omitted).

When considering whether to transfer an action sua sponte, courts follow the same traditional analysis used when a party moves for a change of venue. *See, e.g.*, *Flaherty*, 2002 WL 1891212, at *1-2; *Haskel v. FPR Registry, Inc.*, 862 F. Supp. 909, 916 (E.D.N.Y. 1994). Specifically, "[m]otions to transfer venue are governed by a two-part test: (1) whether the action to be transferred might have been brought in the transferee venue; and (2) whether the balance of convenience and justice favors transfer." *Flaherty*, 2002 WL 1891212, at *1.

### B.    Application

Venue in this district is clearly improper. Plaintiff resides in Buffalo, in the Western District of New York, and defendant resides in Connecticut. There is absolutely no connection to the Northern District of New York and thus, venue is improper. The court must then determine whether the case should be dismissed, or transferred in the interests of justice.

According to the venue statute, the court "shall" dismiss this action. Mr. Hines is well aware of the venue statute having filed multiple cases in the Northern District of New York to avoid a bar order in the Western District of New York.[2] The Northern District of New York case which plaintiff cited to defendant Dell has also been

---

[2] *See Hines v. IRS*, No. 5:20-CV-469; *Hines v. TopShelf Mgmt.*, No. 5:20-CV-505; *Hines v. N.Y.S. Office of Temp. & Disability Assistance Staff*, No. 1:20-CV-506; *Hines v. Bryant & Stratton Coll.*, No. 5:20-CV-507; *Hines v. Erie County Dep't of Soc. Svces.*, No. 1:20-CV-536. Each of those cases were transferred to the Western District of New York. Plaintiff has also been barred from filing appeals in the Second Circuit Court of Appeals without prior approval. *See In re Hines*, No. 17-2090, 2017 WL 6803304 (2d Cir. July 28, 2017) (stating that on "May 5, 2016 this Court entered an order in *In Re: Dashon Hines* 15–4094 requiring appellant to file a motion seeking leave of this Court prior to filing any future appeals.")

dismissed without the opportunity to amend. *See Hines v. New York Dep't of Labor Staff*, No. 1:20-CV-517 (DNH/ATB), 2020 WL 3035574 (N.D.N.Y. June 5, 2020). Before recommending dismissal, I will also address the "interests of justice" in transferring this case to the District of Connecticut.

Plaintiff's other cases were transferred to the Western District of New York because the "interests of justice" weighed in favor of transfer. This was not because the plaintiff simply made a mistake in filing the actions, but because plaintiff was clearly trying to avoid the bar order as well as paying a fine in the Western District which would have been imposed upon him for attempting to file frivolous actions.[3] Thus, I found that it was in the interests of justice to transfer plaintiff's cases to the Western District of New York where he would have to justify his filing and suffer the consequences of his frivolous lawsuits.

However, in this case, while venue is still improper, plaintiff's unsuspecting defendant is in Connecticut, where it appears from the court's electronic filing system, plaintiff has not yet filed any lawsuits, frivolous or otherwise. Transfer is not in the interests of justice. Rather than transfer this frivolous action,[4] I will recommend dismissal. If plaintiff wishes to file an action in Connecticut, he must do so himself.

---

[3] As I explained in my transfer order in *Hines v. IRS*, "on November 24, 2015, the court in the Western District of New York issued [an] order, requiring that plaintiff file a request for permission to file a lawsuit in the Western District and holding that plaintiff would be fined if he had three or more request[s] denied. *Hines v. IRS*, No. 5:20-CV-469 (DNH/ATB) (Dkt. No. 4 at 5) (citing Dkt. No. 13 in *In re Hines*, No. 13-MC-27A).

[4] If venue had been proper in this district, this court would find that plaintiff's action is frivolous. Plaintiff is upset because defendant Dell told plaintiff in an email that he needed to contact another individual in order to get information. There is absolutely no violation stated, constitutional or otherwise. Plaintiff appears to try to use the court as an attempt to manipulate and harass others.

He will not be assisted by this court.

**WHEREFORE**, based on the findings above, it is

**ORDERED**, that the plaintiff's motion to proceed IFP (Dkt. No. 2) be

**GRANTED ONLY TO THE EXTENT NECESSARY TO FILE THIS ACTION**,

and it is

**RECOMMENDED**, that the entire action be **DISMISSED WITHOUT**

**PREJUDICE** for improper venue in accordance with 28 U.S.C. § 1406(a).

and it is

**ORDERED**, that the Clerk serve a copy of this Order and Report-

Recommendation on plaintiff by regular mail.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have

fourteen (14) days within which to file written objections to the foregoing report.  Such

objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO**

**THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE**

**REVIEW.**  *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993)(citing *Small v. Secretary*

*of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1);

Fed. R. Civ. P. 6(a), 6(e), 72.

Dated: June 11, 2020

Andrew T. Baxter
U.S. Magistrate Judge